UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01240-SEB-DML |
| | ) |
| LAWLER MANUFACTURING CO., INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION TO DISMISS IN PART DEFENDANT'S AMENDED COUNTERCLAIMS**

This cause is before the Court on Plaintiff's Motion to Dismiss In-Part Defendant's Amended Counterclaims [Dkt. 37], filed on June 17, 2019, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In this litigation, Plaintiff Bradley Corporation ("Bradley") seeks declaratory judgments regarding certain rights and obligations relating to a settlement and license agreement between Bradley and Defendant Lawler Manufacturing Co., Inc. ("Lawler"). In response, Lawler has filed a counterclaim alleging that Bradley breached this same agreement in various ways. In the instant motion, Bradley seeks dismissal of Count I, § C and Count II of Lawler's counterclaim, alleging anticipatory breach of contract and a claim of *quantum meruit*, respectively. For the reasons detailed below, we GRANT IN PART and DENY IN PART Plaintiff's motion.

**Factual Background**

In March 2001, Bradley and Lawler entered into a Settlement Agreement to resolve a lawsuit involving allegations of patent and trade dress/trademark infringement as well as various state law claims. The Settlement Agreement contained several subparts, including confidentiality agreements, a patent and trade secret license agreement, and consent decrees. As is relevant here, under the terms of the Settlement Agreement, Bradley received a license to make, use, and sell thermostatic mixing valves that were covered by "Lawler Patent Rights," defined in the Settlement Agreement as "patent rights arising out of or resulting from U.S. Patent Nos. 5,323,960 and 5,647,531, U.S. Patent Application No. 09/165,880, filed on October 2, 1988, and all continuations, divisions, continuations-in-part, resulting patents, reissues, reexaminations, foreign counterparts, patents of addition, and extensions thereof." Dkt. 1-1 ¶¶ 12–13. In consideration, Bradley agreed to pay Lawler royalties on certain types of products. *Id.* ¶ 16.

As of the filing of this action, all the utility patents included in Lawler Patent Rights have expired and the only remaining unexpired patent covered by the Settlement Agreement is U.S. Design Pat. No. D762, 818 ("the '818 patent"). Bradley claims that it does not currently make, use, sell, or offer for sale any products covered by the '818 patent and has not done so since February 26, 2019, the date on which the last of the applicable Lawler utility patents expired. Approximately two weeks prior to that date, on February 13, 2019, Bradley sent Lawler a letter addressing Bradley's understanding of its

royalty obligations under the settlement and license agreement following the expiration of Lawler's utility patents. This letter provided in relevant part as follows:

> As you know from our recent correspondence, a number of patents licensed under the license agreement between Lawler and Bradley have expired or are expiring soon. Based on our understanding of this license agreement and these patents, upon expiration of Patent No. 8,579,206, no active Lawler Patent Rights will cover Bradley's valves, which means that Bradley's royalty obligations will end on February 26, 2019.
>
> Please contact me if you disagree with our assessment.

Dkt. 1-3.

Lawler responded to Bradley on February 26, 2019, stating that it "most certainly disagrees with Bradley's assessment and that Bradley's royalty obligations end as of February 26, 2019. Ending royalties on February 26, 2019 would be a breach of the agreement." Dkt. 1-4. In closing, Lawler advised that "[s]hould Bradley stop paying royalties …, we will find ourselves back in Federal Court." *Id.*

On March 27, 2019, Bradley filed the instant complaint seeking a declaratory judgment holding that: (1) Bradley owes no royalties under the Settlement Agreement after February 26, 2019; (2) Bradley is not required to mark its products with the '818 patent number; and (3) Bradley is entitled to recover payments made under protest on Enclosed Safety Showers. On April 25, 2019, Bradley moved for leave to deposit disputed royalty payments with the Court during the pendency of this lawsuit. That motion was denied on July 21, 2019.

Lawler filed its initial answer, affirmative defenses, and counterclaim on May 1, 2019. Lawler subsequently amended its counterclaim on June 2, 2019 to include two

counts. In Count I, Lawler alleges that Bradley breached the Settlement Agreement by: (1) designing around Lawler's patents, (2) anticipatorily breaching, and (3) underpaying royalties. Count II alleges a claim in the alternative under a *quantum meruit* theory. Bradley filed the instant motion to dismiss on June 17, 2019, seeking dismissal of the anticipatory breach claim as well as the *quantum meruit* claim of Lawler's amended counterclaim.

## **Legal Analysis**

### **I.     Applicable Legal Standard**

Bradley has filed its motion to dismiss in part Lawler's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court must accept as true all well-pled factual allegations in the counterclaim and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the factual allegations must "give the [non-movant] fair notice of what the … claim is and the grounds upon which it rests," and "raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The allegations must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, the factual allegations must be facially plausible, meaning that they provide enough content to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.    Discussion**

   **A.    Anticipatory Breach**

Bradley first seeks dismissal of Count I, § C of Lawler's counterclaim which alleges that Bradley anticipatorily breached the Settlement Agreement. Under Indiana law, "[r]epudiation of a contract must be positive, absolute, and unconditional in order that it may be treated as an anticipatory breach." *Angelone v. Chang*, 761 N.E.2d 426, 429 (Ind. Ct. App. 2001) (citing *Jay Cty. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 692 N.E.2d 905, 911 (Ind. Ct. App. 1998), *trans. denied*). "Because the doctrine of anticipatory repudiation represents a harsh remedy, the requirement that the repudiating statement be clear and absolute is a strict one." *Id.* Where, as here, "two contracting parties differ as to the interpretation of a contract or as to its legal effects, an offer to perform in accordance with his own interpretation made by one of the parties is not in itself an anticipatory breach. In order to constitute such a breach, the offer must be accompanied by a clear manifestation of intention not to perform in accordance with any other interpretation." *Eden United, Inc. v. Short*, 573 N.E.2d 920, 929 (Ind. Ct. App. 1991) (quoting A. Corbin, Corbin on Contracts § 973 at 961–62 (One Vol. Ed. 1952)).

In its counterclaim, Lawler alleges that Bradley's "positive, absolute, and unconditional" repudiation of the Settlement Agreement is evidenced by Bradley's actions in: (1) drafting the February 13, 2019 letter informing Lawler that it believed its royalty obligations would end on February 26, 2019 and inviting a response from Lawler if it disagreed with this assessment; (2) initiating this declaratory judgment action, and (3)

5

moving for permission to deposit royalty payments with the Court during the pendency of this litigation instead of paying Lawler directly. These facts clearly demonstrate that Bradley believes its royalty obligations under the Settlement Agreement ended on February 26, 2019 and that it is seeking to clarify its rights and obligations under the contract by pursuing a judicial remedy. These allegations are not, however, sufficient to support a plausible claim for anticipatory breach which requires, in addition to an offer to perform in accordance with one's own contract interpretation, "a clear manifestation of intent not to perform in accordance with any other interpretation." *Eden United*, 573 N.E.2d at 929.

Here, the totality of Lawler's allegations is that Bradley expressed its view as to its contractual obligations via letter, invited a response if there was disagreement, and then began pursuing judicial remedies to clarify those obligations, all the while continuing—at least so far as we have been informed—to make the disputed royalty payments. None of these actions is sufficient to support a plausible inference that Bradley clearly indicated that its interpretation of the Settlement Agreement is the only interpretation by which it intends to abide. Therefore, Bradley's motion to dismiss Count I, § C of Lawler's counterclaim is <u>GRANTED</u>.

    **B.**    *Quantum Meruit*

Bradley seeks dismissal of Count II of Lawler's counterclaim on grounds that Lawler cannot recover under a *quantum meruit* theory because it is undisputed that an actual contract, to wit, the Settlement Agreement, exists and governs the parties' relationship here. "For recovery under quantum meruit, it must be demonstrated that a

6

benefit was rendered to another party at the express or implied request of that party, that allowing the defendant to retain the benefit without paying for it would be unjust, and that the plaintiff expected payment." *Troutwine Estates Dev. Co. v. Comsub Design and Engineering, Inc.*, 854 N.E.2d 890, 897 (Ind. Ct. App. 2006). Because this theory is based upon an implied contract, a plaintiff cannot recover on a theory of quasi-contract when an actual contract governs the subject matter of the dispute. *See Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 221 (Ind. 2009). Thus, "[o]nce a valid contract is found to exist, quasi-contractual relief is no longer available." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Nonetheless, litigants "seeking recovery for breach of contract often plead quantum meruit as an alternative theory, because this theory allows for the possibility of recovery even if the court finds that no contract existed or that a contract existed but was unenforceable." *Blue Frog Mobile NV Inc. v. Navicomm LLC*, No. 1:06-cv-1215-JDT-TAB, 2007 WL 3334793, at *3 (S.D. Ind. Nov. 8, 2007) (citations omitted).

"A party cannot pursue equitable relief simply because its contract claim fails, without alternatively alleging that there was either no contract on point or the contract at issue was unenforceable." *Duke Energy Ind., Inc. v. Comcast of Indianapolis, LP*, No. 1:14-cv-02041-RLY-MJD, 2015 WL 5554050, at *3 (S.D. Ind. Sept. 21, 2015) (quoting *CoMentis, Inc. v. Purdue Res. Found.*, 765 F. Supp. 2d 1092, 1101 (N.D. Ind. 2011)). Here, Lawler alleges both that the Settlement Agreement governs its relationship with Bradley and, alternatively, that it is entitled to relief under a *quantum meruit* theory if Bradley proves patent misuse and the Settlement Agreement is deemed unenforceable,

7

either in whole or in part. Because it is not yet clear whether the provisions of the Settlement Agreement governing the instant dispute will ultimately be deemed enforceable, dismissal of Lawler's *quantum meruit* counterclaim at this time is premature.

Bradley's additional argument in favor of dismissal, to wit, that regardless of whether the Court deems the challenged provisions of the Settlement Agreement unenforceable, various unchallenged and enforceable provisions of the contract will remain, including a broad release provision, that preclude Lawler from bringing a *quantum meruit* claim, will require further factual development before a final ruling can be made. Accordingly, Bradley's motion to dismiss Count II of Lawler's counterclaim is <u>DENIED</u>.

## III. Conclusion

For the reasons detailed above, Plaintiff's Motion to Dismiss In-Part Defendant's Counterclaim [Dkt. 37] is <u>GRANTED</u> as to Count I, § C and <u>DENIED</u> as to Count II. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: 01/17/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeffrey N. Costakos
FOLEY & LARDNER LLP
jcostakos@foley.com

Stephen E. Ferrucci
CLAPP FERRUCCI
SFerrucci@SeanMClapp.com

Kathleen I. Hart
RILEY BENNETT EGLOFF LLP
khart@rbelaw.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Kevin J. Malaney
FOLEY & LARDNER LLP
kmalaney@foley.com

Michael M. Morris
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mmorris@uspatent.com

Matthew W. Peters
FOLEY & LARDNER LLP
mpeters@foley.com

Sarah E. Rieger
FOLEY & LARDNER LLP
srieger@foley.com