UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01240-SEB-KMB |
| | ) | |
| LAWLER MANUFACTURING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING LAWLER'S MOTION TO STRIKE PORTIONS OF DEPONENT ERRATA SHEETS FOR MR. BALLANCO AND MR. KLINE**

This matter comes before the Court on Defendant/Counterclaim-Plaintiff Lawler Manufacturing Co., Inc.'s ("Lawler") Motion to Strike Portions of Deponent Errata Sheets for Mr. Ballanco and Mr. Kline. [Dkts. 268 (sealed); 276-1 (redacted).] Deadlines for discovery and dispositive motions have long since passed, and trial in this case is set to begin on January 23, 2023.

**I.   RELEVANT BACKGROUND**

Plaintiff/Counterclaim-Defendant Bradley Corporation ("Bradley") initially filed this lawsuit seeking declaratory judgments regarding certain rights and obligations relating to a March 2001 settlement and license agreement between Bradley and Lawler. [Dkt. 1.] In response, Lawler filed counterclaims alleging that Bradley breached the same agreement in several ways, and, in the alternative, a *quantum meruit* claim. [Dkt. 30.] Most of the Parties' claims have been resolved in Bradley's favor on summary judgment, [*see* dkts. 149; 164], and the remaining claims and issues will be addressed at the upcoming final pretrial conference and trial. The instant Motion before the Court involves changes to the errata sheets of Bradley's expert witness Mr. Julius Ballanco and Bradley's former employee Mr. Kevin Kline, which Lawler moves to strike. [Dkt. 276-1.]

1

## II.     LEGAL STANDARD

The issue before the Court is whether Bradley may make substantive changes to certain witness errata sheets in advance of trial. Bradley submitted its errata sheets pursuant to Federal Rule of Civil Procedure 30(e)(1), which provides that a "deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Any changes must be appended by the designated officer to the back of the transcript. Fed. R. Civ. P. 30(e)(2).

In *Thorn v. Sundstrand Aerospace Corp.*, the Seventh Circuit Court of Appeals held that a deponent's change in testimony from "what he said to what he meant . . . is permitted by" Federal Rule of Civil Procedure 30(e), though doing so provides an admittedly "questionable basis" for alteration. 207 F.3d 383, 389 (7th Cir. 2000). *Thorn* went on to observe that "fortunately [Rule 30(e)] requires that the original transcript be retained . . . so that the trier of fact can evaluate the honesty of the alteration." *Id.* In the context of summary judgment, *Thorn* held that a deposition transcript could not be substantively altered to contradict the deponent's prior testimony unless it could "plausibly be represented as the correction of an error in transcription," analogizing caselaw discussing affidavits used to contradict deposition testimony. *Id.*

*United States ex rel. Robinson v. Ind. Univ. Health Inc.* thoroughly analyzed *Thorn* and the issues presented by errata sheet changes at various stages of litigation. 204 F. Supp. 3d. 1040 (S.D. Ind. 2016). *Robinson* details the caselaw relied on by the Seventh Circuit in *Thorn* discussing what is commonly referred to as the "sham affidavit doctrine" and concluded that it is "impermissible . . . for a party to attempt to rely upon such bald changes to defeat summary judgment" by manufacturing factual disputes via errata sheet changes. *Id.* at 1042-43.

Importantly, on a motion for summary judgment, *Robinson* emphasized that a court is not permitted to assess the movant's credibility. *Id.* at 1044. But in "nearly every other procedural posture, the Court-as-factfinder is free to evaluate the credibility of, and assign weight to, all offered evidence." *Id.* Therefore, *Robinson* concluded that it makes good sense to limit the restriction of striking substantive changes in errata sheets to the summary judgment context. *Id.* While *Thorn* prevents "clever counsel [from] taking advantage of the extremely exacting requirement that there be 'no genuine dispute as to any material fact'" for a court to grant summary judgment, at "every other stage of proceedings, counsel is free to argue that a contradictory affidavit or errata change warrants little or no weight—and the court or jury is free to agree or disagree." *Id.* (emphasis omitted) (quoting Fed. R. Civ. P. 56).

## III. DISCUSSION

In support of its Motion to Strike Portions of Deponent Errata Sheets, Lawler argues that portions of Mr. Ballanco's and Mr. Kline's errata sheets should be stricken because they contradict the deponents' testimony. [Dkt. 276-1 at 1-8.] Lawler acknowledges that the Seventh Circuit's ruling in *Thorn* allows for changes to an errata sheet in "form or substance," but Lawler argues that any changes made cannot contradict the deponent's prior testimony. [Dkt. 276-1 at 10 (citing *Thorn*, 207 F.3d at 389).]

In response, Bradley denies that the proposed errata sheet changes contradict prior testimony, [dkt. 303-1 at 3-6], and argues that limitations on changes made to the substance of errata sheets as provided by *Thorn* are limited only to the summary judgment context, as *Robinson* held, [*id.* at 8-12]. Bradley emphasizes that this litigation has proceeded past the summary

3

judgment stage and is set for trial later this month, where the factfinder can assess the applicable witnesses' credibility firsthand. [*Id.* at 9 n.6, 11-12, 14.][1]

In reply, Lawler emphasizes its belief that such a limitation shall be on all errata sheets at any stage of the proceedings, not only those before a court on motions for summary judgment. [Dkt. 278-1 at 2.]

The Court finds it noteworthy that *Thorn* underscored that Federal Rule of Civil Procedure 30(e) authorizes changes to a deponent's testimony "'in form *or substance*.'" 207 F.3d at 389 (original emphasis) (quoting Fed. R. Civ. Pro. 30(e)). While *Thorn* held in the context of summary judgment that a deposition transcript could not be substantively altered to contradict the deponent's prior testimony unless it could "plausibly be represented as the correction of an error in transcription," *id.*, *Thorn* did not address the applicability of that principle outside of the summary judgment context. In fact, *Thorn* expressly recognized that Rule 30(e) requires the deponent's change to be appended to the original transcript "so the trier of fact can evaluate the honesty of the alteration." 207 F.3d. at 389.

Rule 30(e)'s language permitting changes to substance is unambiguous, and the Seventh Circuit's reasoning in *Thorn* "neither contemplates nor authorizes . . . the free-wielding authority to strike any errata change containing substantive, non-clerical errors." *Robinson*, 204 F. Supp. 3d at 1045. Moreover, as *Robinson* emphasized, while a court is not permitted to assess the movant's credibility on summary judgment, in "nearly every other procedural posture, the Court-as-factfinder is free to evaluate the credibility of, and assign weight to, all offered evidence." *Id.* at

---

[1] To the extent that Bradley takes issue with Lawler's witnesses' errata sheets, [dkt. 303-1 at 6-8], such challenges must be raised separately and not in response to Lawler's motion. S.D. Ind. L. R. 7-1(a). Accordingly, the Court will not further address those arguments made by Bradley in its response brief.

4

1044. For that reason, *Robinson* denied a request to strike substantive errata sheet changes, concluding that "the plain text of Rule 30(e)(1)(B) coupled with the language actually used by Judge Posner [in *Thorn*] compels the conclusion that *Thorn* does not empower the Court to provide the remedy Defendants seek." *Id.* at 1043. Rather, the limitations recognized by *Thorn* are limited to the summary judgment context, permitting "a trial judge to disregard substantive errata changes on summary judgment where the changes do not reflect errors in the transcription." *Id.*

Turning back to the case at hand, procedurally it is well past the summary judgment stage and trial is set to begin later this month. Lawler will soon be able to cross-examine both Mr. Ballanco and Mr. Kline[2] at trial and argue, if it so chooses, that their substantive errata sheet changes warrant little weight. At that point, the trier of fact will determine the credibility of witness testimony and will "evaluate the honesty of the alteration." *Thorn*, 207 F.3d at 389. For these reasons, the Court denies Lawler's motion asking that the Court strike the identified portions of the errata sheets for Mr. Ballanco and Mr. Kline.[3]

---

[2] While Lawler expresses doubt that Mr. Kline will appear at trial to testify, [dkts. 276-1 at 8, 13, 16; 278-1 at 12-13], Bradley confidently asserts in its response brief a good faith belief that Mr. Kline will attend trial, [dkt. 303-1 at 2, 6, 14]. At this point, the Court must take Bradley at its word such that Lawler's assertions do not affect the Court's decision. Should Mr. Kline fail to appear at trial, Lawler may attempt to renew its request to strike Mr. Kline's substantive errata sheet changes, although the availability of that remedy at trial will be firmly within the sound judgment of the District Court Judge.

[3] Lawler also briefly argues that the errata sheet changes should be stricken for an alleged failure to include an adequate explanation of the reasons for the changes. [Dkts. 276-1 at 14-16; 278-1 at 6, 8.] Lawler fails to cite any binding authority for this argument, instead pointing to a single district court case from Maryland that the Court need not address further. Lawler also asserts in its reply brief that Bradley has demanded a bench trial instead of a jury trial on certain issues, without citing authority or discussing how this is material. [Dkt. 278-1 at 10-11.] The Court finds that it is not, given that credibility determinations will be made by the applicable finder of fact either way.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Lawler's Motion to Strike Portions of Deponent Errata Sheets for Mr. Ballanco and Mr. Kline. [Dkts. 268 (sealed); 276-1 (redacted).]

**SO ORDERED.**

Date: 1/9/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution: Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.