UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRADLEY CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01240-SEB-KMB |
| | ) | |
| LAWLER MANUFACTURING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court are several pretrial motions filed by Counter-Plaintiff Lawler Manufacturing Co. Inc. ("Lawler"). Having considered Lawler's and Counter-Defendant Bradley Corporation's ("Bradley") briefing on these issues and the governing legal principles, we hereby rule as follows:

**I.      Relevant Portions of Lawler's Motion *in Limine* #1**

Lawler seeks to preclude Bradley's technical expert, Jeffrey Kucharski, from testifying to previous engineering changes made by Bradley that are unrelated to the issues presented in this case and from testifying as to legal opinions regarding the meaning of language in the License Agreement. Bradley objects.

The Court will hear argument from the parties on this motion at 9:30 a.m. on Monday, January 23, 2023, prior to jury selection.

**II.     Relevant Portions of Lawler's Motion *in Limine* #2**

Lawler seeks to preclude Bradley from eliciting testimony from its damages expert, Daniel McGavock: (1) on the law; (2) that repeats others and/or is hearsay; (3) on

1

the state of mind or intentions of others; (4) regarding the value of Lawler's '818 design patent; and (5) regarding royalty valuation due to risk.  Bradley objects.

Regarding the first three categories of evidence challenged by Lawler, it is well-settled that expert testimony on the law, testimony that merely parrots other experts, and testimony that speculates on the state of mind of others may be excludable.  *See, e.g.*, *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013) ("It is the role of the judge, not an expert witness, to instruct the jury on the applicable principles of law, and it is the role of the jury to apply those principles of law to the facts in evidence."); *Garrit v. City of Chicago*, No. 16-cv-7319, 2022 WL 124554, at *7 (N.D. Ill. Jan. 13, 2022) ("An expert, however well-credentialed he may be, many not simply parrot the opinions of experts in different fields.") (citing *DuraAuto Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002); *Ploss v. Kraft Foods Group, Inc.*, ___ F. Supp. 3d ___, 2022 WL 16540179 (N.D. Ill. Oct. 28, 2022) (collecting cases on state-of-mind testimony). However, in determining the admissibility of these challenged portions of Mr. McGavock's testimony, much depends on the specific questions asked of the witness and the exact testimony being elicited.  We therefore cannot make a comprehensive *in limine* ruling on these issues and will instead rule on a question-by-question basis at trial. Accordingly, we DENY these portions of Lawler's motion.

The Court will hear argument from the parties on the last two categories of Mr. McGavock's testimony at 9:30 a.m. on Monday, January 23, 2023, prior to jury selection.

### III. Relevant Portions of Lawler's Motion *in Limine* #3

Lawler seeks to have excluded evidence of whether Bradley's 2018 design change is or is not a "[s]tandard ordinary engineering change[] done within the ordinary course of business." Dkt. 1-1 § 3.2. Lawler argues that such evidence should be excluded because Bradley blocked discovery about that topic by asserting attorney-client and work product privilege and by refusing to answer discovery.

Because this issue involves complexities of evidence that cannot be ruled upon without a full record, the Court will hear argument from the parties on this motion at 9:30 a.m. on Monday, January 23, 2023, prior to jury selection.

### IV. Relevant Portions of Lawler's Motion *in Limine* #4

#### a. Evidence Not Produced by Bradley During Discovery

Lawler seeks to have excluded all evidence and testimony related to any and all appraisals of Bradley's business, including appraisals of Bradley's Weighted Average Cost of Capital (WACC), as being untimely disclosed in Bradley's expert reports after fact discovery was closed. Bradley objects, arguing that this information was not responsive to Lawler's discovery requests and that Lawler could have cross-examined Bradley's expert(s) on this information during their depositions, but chose not to do so.

Because we cannot determine from the current state of the record what the evidence means, how it will come in, and if it will be relevant, we GRANT Lawler's motion. Accordingly, before this testimony is elicited, Bradley's attorney will be required to make an offer of proof.

### b. Testimony or Argument Regarding the Court's Prior Summary Judgment Rulings

Lawler seeks to have excluded any testimony or attorney argument regarding the Court's prior summary judgment rulings. Rather, Lawler argues, the Court should address these rulings in jury instructions as they are law of the case and shape the issues that remain to be decided at trial. Bradley has indicated that it does not intend to raise this information in its case-in-chief and agrees that it will be necessary for the Court to instruct the jury regarding the rulings insofar as they affect issues that remain to be decided at trial.

We do not understand there to be a significant dispute between the parties on this issue, but to the extent that a specific ruling is relevant to the jury's consideration of an issue at trial, the Court will instruct the jury on the law of the case.

IT IS SO ORDERED.

Date: _____1/20/2023_____          _____*Sarah Evans Barker*_____
                                                                         SARAH EVANS BARKER, JUDGE
                                                                         United States District Court
                                                                         Southern District of Indiana

Distribution:

Jack Thomas Carroll
Foley & Lardner LLP
jcarroll@foley.com

Scott J. Collins
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
scollins@uspatent.com

Jeffrey N. Costakos
FOLEY & LARDNER LLP
jcostakos@foley.com

Stephen E. Ferrucci
CLAPP FERRUCCI
SFerrucci@SeanMClapp.com

Andrew Gross
Foley & Lardner LLP
agross@foley.com

Kathleen I. Hart
RILEY BENNETT EGLOFF LLP
khart@rbelaw.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Kevin J. Malaney
FOLEY & LARDNER LLP
kmalaney@foley.com

Shane T. Moreillon
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
smoreillon@uspatent.com

Michael M. Morris
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
mmorris@uspatent.com

Matthew W. Peters

FOLEY & LARDNER LLP
mpeters@foley.com

Sarah E. Rieger
FOLEY & LARDNER LLP
srieger@foley.com